UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHERILYN M. FOX,

     Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

     Defendant.

_____ )

## COMPLAINT

The Plaintiff, CHERILYN M. FOX ("FOX"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. FOX brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. FOX was, at all times relevant, a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New Jersey, is authorized to transact, and is transacting, business in the Southern District of

Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to FOX.

6. FOX was, at all times material, a plan participant under the New Jersey Education Association Member Benefit Fund Combined Short Term and Long Term Disability Insurance Plan, Group Contract Number G-41431-NJ (the "Disability Plan"), which is a group disability insurance policy issued by PRUDENTIAL to New Jersey Education Association Member Benefit Fund, which is the contract holder.  It is pursuant to Disability Plan G-41431-NJ to which FOX is entitled to benefits.  A copy of the Disability Plan's Certificate of Coverage as provided by PRUDENTIAL has been attached hereto as Exhibit "A."

7. The Disability Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. PRUDENTIAL is the insurer of benefits under the Disability Plan and is the named fiduciary for deciding claims for benefits under the Disability Plan and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claim's determination.  As such, PRUDENTIAL is not entitled to a deferential standard of review.

10. PRUDENTIAL is the fiduciary charged with making benefit determinations under the

Disability Plan including the determinations made on FOX's claim at issue.

11.     Pursuant to the terms and conditions of the Disability Plan, FOX is entitled to LTD benefits for the duration of her disability, or until age 65, so long as she remains disabled as required under the terms of the Disability Plan.

12.     According to the Disability Plan, disability is defined as follows:

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your own occupation due to your sickness or injury; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*, excluding sick leave pay.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

13.     At all relevant times, FOX complied with all conditions precedent and exhausted all required administrative remedies under the Disability Plan.

14.     Since approximately December 9, 2019, FOX has been disabled under the terms of the Disability Plan.

15.     Since on or about December 9, 2019, FOX has been unable to perform the material and substantial duties of her own occupation due to sickness or injury.

16.     Since on or about December 9, 2019, FOX has had a 20% or more loss in her indexed monthly earnings due to that sickness or injury.

17.     Since on or about December 9, 2019, due to sickness or injury, FOX has been unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience.

18.     At all relevant times, FOX has been under the regular care of a doctor.

19.     At all relevant times, FOX was a Covered Person under the Disability Plan.

3

20.    Shortly after becoming disabled, FOX made a claim to PRUDENTIAL under the Disability Plan for disability benefits.

21.    Following FOX application for LTD benefits, PRUDENTIAL initially found FOX to be disabled and benefits were initially paid for the period of March 8, 2020 through January 31, 2022.

22.    By letter dated March 7, 2022, PRUDENTIAL denied FOX's claim for continued LTD benefits beyond January 31, 2022, contending that FOX was no longer prevented from performing her own occupation.

23.    FOX timely and properly submitted an appeal of PRUDENTIAL's March 7, 2022 denial.

24.    By letter dated April 26 2023, PRUDENTIAL informed FOX that it was reinstating benefits for a closed period of time through March 7, 2022, but that benefits beyond March 7, 2022 were being denied as PRUDENTIAL contended that she was not prevented from performing the duties of any gainful occupation.

25.    FOX timely and properly submitted an appeal of PRUDENTIAL's April 26, 2023 denial.

26.    By letter May 2, 2024, PRUDENTIAL affirmed its previous decision to deny FOX's claim for LTD benefits beyond March 7, 2022 and advised FOX that all required administrative remedies had been exhausted.

27.    Since March 7, 2022, FOX has not received benefits owed to her under the Disability Plan despite FOX's right to these benefits.

28.    PRUDENTIAL has refused to pay FOX's claim for LTD benefits as of March 8 2022.

29.    At all relevant times, PRUDENTIAL was the payer of benefits.

30.    At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the Disability Plan.

31.    At all relevant times, PRUDENTIAL was the named fiduciary for deciding claims for

benefits under the Disability Plan and for deciding any appeals of denied claims.

32.   At all relevant times, FOX has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the Disability Plan.

33.   FOX has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

34.   FOX incorporates Paragraphs 1 through 33 as if fully set forth herein.

35.   This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

36.   Pursuant to 29 U.S.C. §1132(a)(1)(B), FOX, as a participant under the Disability Plan, is entitled to sue for judicial determination and enforcement of benefits.

37.   FOX has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay her disability benefits.

38.   FOX has exhausted all required administrative remedies under the Disability Plan.

39.   Defendant breached the Disability Plan and violated ERISA in the following respects:

(a)   Failing to pay LTD benefit payments to FOX at a time when PRUDENTIAL knew, or should have known, that FOX was entitled to those benefits under the terms of the Disability Plan, as FOX was disabled and unable to work and therefore entitled to benefits.

(b)   Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Disability Plan documents, in relation to the applicable facts and Disability Plan provisions, for the termination of FOX's claim for LTD benefits;

(c) After FOX's claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to FOX any additional material or information necessary for FOX to perfect her claim along with an explanation of why such material is or was necessary.

(d) PRUDENTIAL failed to properly and adequately investigate the merits of FOX's disability claim and failed to provide a full and fair review of FOX's claim.

40. FOX believes, and thereon alleges, that PRUDENTIAL wrongfully terminated her claim for disability benefits under the Disability Plan by other acts or omissions of which FOX is presently unaware, but which may be discovered in this future litigation and which FOX will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by FOX.

41. Following the termination of benefits under the Disability Plan, FOX exhausted all administrative remedies required under ERISA, and FOX has performed all duties and obligations on her part to be performed under the Disability Plan.

42. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, FOX has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding FOX's claim for benefits, FOX, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), FOX is entitled to have such fees and costs paid by PRUDENTIAL.

44. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist, therefore, FOX is entitled to enforce her rights under the terms of the Disability Plan and to clarify her right to future benefits under the terms of the Disability Plan.

## REQUEST FOR RELIEF

WHEREFORE, CHERILYN M. FOX prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1.     Payment of disability benefits due Plaintiff;

2.     An order declaring that Plaintiff is entitled to immediate reinstatement to the Disability Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Disability Plan for so long as Plaintiff remains disabled under the terms of the Disability Plan;

3.     In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

DATED:  June 4, 2024

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL  33331
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com

7